IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JONIAH JONI EL,

               Plaintiff,

v.

JEFFERY L. MALINOVITZ;
JEFFERY LAWRENCE MALINO;
SHERIFF DAVE DANIEL; SHERIFF
AARON POTER; KEVIN L. MURRAY;
DANIEL MALCOM BURDIS,

               Defendants.

Civ. No. 1:20-cv-00089-AA

**OPINION & ORDER**

AIKEN, District Judge.

Plaintiff Joniah Joni El seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, the IFP petition is DENIED with leave to refile and the Complaint, ECF No. 1, is DISMISSED with leave to amend.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff's IFP petition reports "n/a" in nearly every field, or else leaves the field blank. The only exception is the portion asking Plaintiff to list any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value he owns, including any item of value held in someone else's name. In response, Plaintiff writes "all property is held in trust, value unlimited." Based on these answers, the Court cannot make a finding that Plaintiff is unable to pay the costs of this action. Plaintiff's IFP petition is therefore DENIED with leave to refile. Plaintiff shall have thirty (30) days in which to either pay the filing fee or submit an amended IFP petition. Plaintiff is advised that failure to either pay the filing fee or submit a completed IFP petition within the allotted time will result in entry of a judgment of dismissal. The Clerk is directed to mail Plaintiff a copy of the IFP petition form along with a copy of this Order.

Additionally, the Complaint in this case is disjointed and does not clearly explain Plaintiff's cause of action. It generally appears that Plaintiff claims some right to property in Josephine County but was evicted and/or trespassed from the that property by the Josephine County Sheriff's Office at the request of Defendant Jeffery Malinovitz, acting on behalf of NM Management LLC, which owns the property. Plaintiff appears to assert some sort of sovereign citizen theory. "Courts across the country have uniformly rejected arguments based on the sovereign citizen ideology as frivolous, irrational, or unintelligible." *Mackey v. Bureau of Prisons*, 1:15-cv-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016) (internal quotation marks and citation omitted). The Court concludes that Plaintiff has failed to state a claim and the Complaint must be DISMISSED.

Plaintiff shall be given thirty (30) days in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in a judgment

of dismissal. If Plaintiff chooses to file an amended complaint, he should briefly and clearly explain what his claims are, why he believes this Court has jurisdiction, who the defendants are, what the defendants have done, and why he believes the defendants should be held liable. In drafting an amended complaint, Plaintiff should bear in mind that the Court does not know anything about the facts of Plaintiff's case, other than what is included in the pleadings. For additional guidance, the "Handbook for Self-Represented Parties" is available free of charge on the United States District Court for the District of Oregon's website.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP Petition, ECF No. 2, is DENIED with leave to refile. Plaintiff shall have thirty (30) days in which to either pay the filing fee or file an amended IFP petition. Plaintiff is advised that failure to either pay the filing fee or file an amended IFP petition within the allotted time will result in a judgment of dismissal. The Clerk is directed to mail a copy of the Court's IFP petition form to Plaintiff along with a copy of this Order.

The Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal.

It is so ORDERED and DATED this __13th__ day of February, 2020.

_____
ANN AIKEN
United States District Judge